# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID McGILL,**

    **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:14-cv-2107-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for benefits, alleging that he became unable to work on October 30, 2011 (R. 267, 270). The agency denied Plaintiff's applications initially and upon reconsideration, and he requested and received a hearing before an administrative law judge ("the ALJ"). On May 30, 2014, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 40-57). The Appeals Council denied Plaintiff's request for review (R. 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed his Complaint (Doc. 1), the parties consented to the jurisdiction of the undersigned United States Magistrate Judge, and the matter is fully briefed and ripe for review pursuant to 42 U.S.C. §§405(g) and 1383(c)(3).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to type 1 diabetes, depression, heart attack, left shoulder pain, restless leg syndrome, sleep apnea, and diabetic retinopathy (R. 328).

*Summary of Evidence Before the ALJ*

Plaintiff was forty seven years old at the alleged onset date and fifty years of age at the decision date (R. 49, 51). He completed four years of college and has past work experience as a business machine specialist, construction field tech, guest services provider, retail store manager, pipe fitter, retail merchandiser and a security consultant (R. 74, 329).

In the interest of privacy and brevity, the medical evidence relating to the pertinent time period will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records and opinions of the treating providers, the record includes the testimony of Plaintiff and a Vocational Expert. The record also includes written forms and reports completed by Plaintiff and his mother, and opinions from examining and non-examining state agency consultants.

By way of summary, the ALJ determined that: "The claimant has the following severe impairments: diabetes mellitus type I, coronary artery disease (CAD), and left shoulder dysfunction (20 CPR 404.1520(c) and 416.920(c))" (R. 42), but his diabetic retinopathy, history of myocardial infarction, and depression represent non-severe impairments (R. 43). The ALJ found that the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 44) and determined that Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with a 30 minute sit/stand option. No climbing ladders, ropes, or scaffolds. No balancing, but occasional other postural (stoop, kneel, crouch, and crawl). No overhead reaching. No concentrated exposure to vibrations, work around moving mechanical parts, or work at unprotected heights.

(R. 44).

The ALJ found that Plaintiff was unable to perform any past relevant work (R. 49); however, with the assistance of the Vocational Expert ("the VE"), the ALJ concluded that other work existed

in significant numbers that Plaintiff could perform (R. 50), and therefore, the ALJ found Plaintiff was not disabled (R.51).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff contends that the Commissioner's decision was not formulated in accordance with proper standards and was not based upon substantial evidence. Specifically, Plaintiff contends that the ALJ erred in his formulation of the RFC by failing to adequately consider all of the limitations

-3-

contained in the opinion of a consultative examiner, and by failing to evaluate Plaintiff's neck impairment. Plaintiff also contends that the ALJ improperly relied on VE testimony which was based on an incomplete hypothetical; and failed to adequately assess the claimant's credibility. The Court evaluates these objections within the context of the sequential evaluation process.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Evaluating Opinion Evidence*

Plaintiff's first objection goes to the ALJ's evaluation of opinions offered by the examining consultant, Dr. Alvan W. Barber. The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of*

*Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) Substantial weight must be given to the opinion, diagnosis and medical evidence of a *treating physician* unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). A consultative examiner's opinion, however, is not entitled to the deference normally given a treating source. *See* 20 C.F.R. § 404.1527(c)(2); *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004) (noting a one-time examiner's opinion is not entitled to great weight). Nonetheless, all opinions, even those of non-treating state agency or other program examiners or consultant, are to be considered and evaluated by the ALJ. *See* 20 C.F.R. §§ 404.1527, 416.927, and *Winschel*.

On April 15, 2014, the Social Security Administration referred Plaintiff to Dr. Alvan Barber for a physical consultative examination (R. 795). The physical examination showed Mr. McGill to have numbness and tingling in the left and right feet when evaluated by light touch; positive low paravertebral muscle spasms; numbness and tingling in the left and right upper extremities when evaluated by light touch; but 5/5 muscle strength in both upper extremities, 5/5 grip strength bilaterally, and it was noted he walked without difficulty (R. 799-804). Dr. Barber opined that Plaintiff could lift up to fifty pounds occasionally and twenty pounds frequently; sit six hours out of an eight-hour workday; stand four hours out of an eight-hour workday; walk four hours out of an eight-hour workday; could occasionally reach overhead with his right dominant arm; could occasionally reach in all other directions with his right dominant arm; could frequently reach overhead and all directions with his left arm; and could occasionally balance, stoop, crouch and kneel (R. 805-808). In his opinion, the ALJ summarized these findings and noted that he gave "some weight" to this opinion, explaining:

> I have considered Dr. Barber's assessment in this determination. I agree that the claimant should be limited to occasional postural limitations; however, I have restricted the claimant from any overhead reaching based on the objective findings and examination noting significant limitations with regard to both shoulders. In addition, I have offered the claimant a sit-stand option in consideration of his lower extremity neuropathic complaints. As such, I have given Dr. Barber some weight, as his assessment and examination are persuasive.

(R. 48). Plaintiff contends that the ALJ erred in not including in the RFC Dr. Barber's limitation of only occasional reaching in all other directions, with the right dominant arm.

Dr. Barber was not a treating physician, and, as a one time consultant, his opinions are not entitled to the deference given treating providers. *Crawford, supra.* Moreover, the ALJ was not obligated to adopt the opinion in total. An ALJ may discount a physician's opinion when the opinion is inconsistent with the record as a whole, or the evidence otherwise supports a contrary finding. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).[1] The ALJ's burden, under *Winschel,* is to consider the opinion and explain the weight given to it. Here, that plainly occurred. The ALJ reviewed the entire medical record and discounted Dr. Barber's opinion, in part, due to the ALJ's findings with respect to other evidence. As that finding is supported by substantial evidence,[2] no error is shown.

Plaintiff next contends that the RFC should have included residuals from Plaintiff's neck impairment. Plaintiff cites to pre-onset records, including a May 2011 MRI of the cervical spine, showing degenerative changes and abnormal sensory examinations. However, as pointed out by the Commissioner, Plaintiff failed to allege this impairment at any relevant point in the administrative

---

[1] Too, there is no requirement that an ALJ refer to every piece of medical evidence in the record as long as the decision is not so broad that it fails to allow a reviewing court the ability to determine if the ALJ considered a plaintiff's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1210-1211 (11th Cir. 2005) (citing *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir.1995)).

[2] Among other things, the ALJ specifically noted that Plaintiff works part-time as a cashier, and engages in "many activities" (prepares meals, goes grocery shopping, drives, and exercises moderately) (R. 46-47). The Court observes that all of these activities involve an ability to reach. The ALJ also noted that physical examinations "demonstrated full upper and lower extremity strength" (R. 47) and, despite findings of numbness and tingling in the right greater than left upper extremities, "the claimant was able to bilaterally perform gross motor and fine motor skills, perform finger to nose, perform rapid alter hand movements, and open/close door knobs, button buttons and pick up small objects (Exhibit 24F)." (R. 46). These findings are not challenged by the Plaintiff and support the RFC with respect to a functional ability to reach other than overhead.

process. When asked in claim forms to "List all of the physical and mental conditions . . . that limit your ability to work," Plaintiff did not identify neck pain as a limiting condition (R. 328). When asked about conditions for which he received medical treatment, he indicated no treatment for neck pain (R. 332-337). Plaintiff and his wife completed pain questionnaires and functional abilities forms but never identified neck pain as a condition limiting work (R. 366-368, 379, 387-389). Although counsel represented Plaintiff at the hearing, Plaintiff offered no testimony that neck pain limited his ability to work (R. 63-67) and Plaintiff's counsel raised no claim of error regarding this issue in a brief to the Appeals Council (R. 406-412). As such, the ALJ had no duty to consider an impairment that was not raised. *See Robinson v. Astrue,* 365 F. App'x 993, 995 (11th Cir. 2010) (holding ALJ had no duty to consider claimant's chronic fatigue syndrome (CFS) diagnosis where claimant was represented at hearing before ALJ and did not allege she was disabled due to CFS either when she filed her claim or at hearing, citing *Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996))*; Street v. Barnhart,* 133 F. App'x 621, 627(11th Cir. 2005); *East v. Barnhart,* 197 F. App'x 899, 902 (11th Cir. 2006) ("the ALJ need not scour the medical record searching for other impairments that might be disabling … that have not been identified by the claimant")*.* Further, the record contains no evidence of the effect that Plaintiff's neck pain had on his ability to perform basic work activities. Plaintiff does not point to any evidence that, during the time period at issue, his neck pain caused functional limitations not otherwise considered by the ALJ.[3]

*Vocational Expert*

Plaintiff's next contention is that the ALJ erred in relying on the testimony of the VE because the hypothetical presented to the VE did not include all of the limitations pertaining to the claimant, as it did not include the limitation to occasional reaching found by Dr. Barber. Plaintiff claims the

---

[3]Indeed, at the consultative examination, Plaintiff did not present with or allege any neck pain and, on examination, Dr. Barber found normal range of motion on the cervical spine, with no para-cervical spasms (R. 799, 803). Moreover, treatment records during this time period indicate "negative" for neck pain. *See*, e.g., R. 507, 509, 511, 513, 515 and 517.

absence of this limitation is error in that the VE testified that a person with the RFC formulated by the ALJ could not perform the claimant's past relevant work, but could perform other jobs: ticket taker (DOT 344.667-010); ticket seller (DOT 211.467-030); and office helper (DOT 239.567-010) (R. 74-75). Plaintiff contends that, as the Dictionary of Occupational Titles indicates that all of the jobs noted by the vocational expert require either "constant" or "frequent" reaching in all directions, these jobs would have been excluded, if the ALJ would have posed a hypothetical with all of the limitations of the claimant as noted by Dr. Barber. This argument misses the mark.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Security,* 363 F. 3d 1155, 1161 (11th Cir. 2004). As noted above, the ALJ did not fully credit Dr. Barber's entire opinion, and his decision to incorporate some but not all of Dr. Barber's findings in the RFC is supported by substantial evidence. In the absence of a finding that Plaintiff was limited to only occasional reaching, the ALJ was not obligated to include this limitation in his hypothetical. The VE's testimony provided substantial evidence to support the ALJ's conclusion that Plaintiff could perform other work.

*Credibility*

Plaintiff's next objection goes to the credibility finding made by the ALJ. According to Plaintiff, the ALJ did not adequately support the finding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision" (R. 45).

A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ listed numerous reasons for his credibility finding. He noted claimant's work activity,[4] and discussed the medical record at length (R.44-49), concluding that he found "no cogent evidence to suggest this claimant is precluded from all work activity" (R. 46). He observed that claimant was noted to have been exercising moderately (R. 47) and " has engaged in activities that one would not expect from an individual alleging to be disabled," which "demonstrate[s] a much higher capacity than he alleges" (R. 47). These findings are supported by the substantial evidence cited.

To the extent Plaintiff points to other evidence which could support a different finding, such is not the  standard here. "The question is not . . . whether ALJ could have reasonably credited [the

---

[4]The ALJ observed:
At hearing, the claimant admitted to working after the alleged onset date. The claimant worked between 6 and 20 hours per week for Acosta. The claimant earned $11.00 per hour. Yet, the claimant reported that his average work week entailed working about 15 hours per week (Exhibit IE). He testified he stopped working in January 2013. Yet, later in his testimony the claimant indicated that his daily routine entailed working as a cashier. The claimant's work activity is contradictory to his application for disability, and undermines his claim in this determination.  (R. 42).

claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Commissioner of Social Security*, 421 F. App'x 935, 939 (11th Cir. 2011).  At issue, then, is not whether there is evidence to support a different finding (the Court agrees that there is), but whether *this* finding, made by the person charged with the task of reviewing the evidence and formulating the RFC in the first instance, is supported by substantial evidence and was made in accordance with proper legal standards. Here, the ALJ provided a detailed analysis of the evidence of record, supplied a rationale for his findings, and his conclusions are supported by the evidence he cites. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted).  As the Court finds the decision meets the legal standard, no error is shown.

A final note is in order.  The record shows that Plaintiff is a hard-working individual facing some significant challenges.  Nonetheless, the law defines disability as the inability to do *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do his or her previous work, or *any other* substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.  The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards.  As the Court finds that to be the case, the decision is affirmed.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on February 8, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record